UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, et al.,<br><br>Defendants. | Case No. 15-cv-05343-JSC<br><br>**ORDER RE: DEFENDANTS CITY OF HAYWARD, POLICE CHIEF DIANE URBAN, AND LIEUTENANT BRYAN MATTHEWS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

This Section 1983 civil rights action arises from a December 6, 2014 protest in Berkeley, California. Curtis Johnson, one of the eleven plaintiffs, alleges that an unknown Hayward police officer shot him with a Specialty Impact Munition and that officers failed to provide him with any first aid. Now pending before the Court is the motion to dismiss of Defendants the City of Hayward, Hayward Police Chief Diane Urban, and Hayward Police Lieutenant Bryan Matthews. After carefully considering the parties' submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motion to dismiss the official capacity claims against Chief Urban and Lieutenant Matthews without leave to amend, and the individual capacity

claims against these defendants with leave to amend.[1]

## COMPLAINT ALLEGATIONS

This lawsuit arises out of a demonstration on December 6, 2014 in Berkeley, California. Plaintiffs are 11 individuals who attended the demonstration, March Against State Violence, either as protestors or journalists. (First Amended Complaint ("FAC") at ¶¶ 2, 11-21.) The Berkeley Police Department sent officers to the demonstration and requested mutual aid from nearby law enforcement agencies when they learned about the protest. (*Id*. at ¶ 38.) Pursuant to this request, the Hayward Police Department and several other law enforcement agencies responded and assisted Berkeley in policing the demonstration. (*Id*.) The demonstration began around 5:00 p.m. on the University of California, Berkeley campus and then proceeded down Telegraph Avenue to the Public Safety Building at 2100 Martin Luther King, Jr., Way. (*Id*. at ¶ 39.) Berkeley police officers blocked the demonstration once it reached 2100 Martin Luther King, Jr., Way. (*Id*. at ¶ 39.)

Plaintiff Curtis Johnson was driving home to Los Angeles on I-80 when was re-routed onto University Avenue and then to Sixth Street in Berkeley. (*Id*. at ¶ 48.) He subsequently encountered people looking for the demonstration. He parked and joined the march, but quickly encountered a line of police officers blocking the path of the march. (*Id*.) When other officers appeared behind the demonstrators, the marchers began to disperse through a parking lot. Hayward police officers then opened fire with Specialty Impact Munitions including "sponge round" and "beanbags." (*Id*. at ¶ 49.) Johnson was shot in the right knee without warning or justification. (*Id.*) Around the time Johnson was shot, he heard Hayward police officers, named as Doe defendants, stating "They are fucking animals"; "Alright we're going to start fucking blasting them"; "I got it up right now ready to go motherfuckers"; "You touch that thing, you're fucking gone"; and "get a shot in his fucking ass." (*Id*. at ¶ 51.) No officers provided Johnson with first aid; instead, the other demonstrators and a legal observer called an ambulance for him. (*Id*.) He sustained a bone injury, a severe sprain and cartilage damage to his knee as a result of the

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6, 17, 26).

2

1  incident.  (*Id*. at ¶ 52.)

## PROCEDURAL HISTORY

Johnson, along with 10 other Plaintiffs, sued seeking injunctive relief and damages. (Dkt. No. 1.)  Before any party appeared, Plaintiffs filed the operative First Amended Complaint naming the City of Berkeley, the City of Hayward, Christine Daniel as the Berkeley City Manager, Michael Meehan as the Chief of Police for the City of Berkeley, Hayward Police Chief Urban, Hayward Police Lieutenant Matthews, and several Berkeley police officers. (Dkt. No. 18.)

The City of Hayward (the "City"), Chief Urban, and Lieutenant Matthews ("Defendants") have moved to dismiss the claims against Urban and Matthews as duplicative of those against the City.  (Dkt. No. 23.)  The City of Berkeley and the related Berkeley Defendants also filed a motion to dismiss (Dkt. No. 34) which is addressed in a separate order.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint where the action fails to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  Under Federal Rule of Civil Procedure 8(a)(2) a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554 (internal citations and quotations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008).  However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

3

1    recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal

2    citations and quotations omitted). "Determining whether a complaint states a plausible claim for

3    relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial

4    experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

5    If a Rule 12(b)(6) motion is granted, a "district court should grant leave to amend even if

6    no request to amend the pleading was made, unless it determines that the pleading could not

7    possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.

8    2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

Defendants contend that because there are no allegations that either Chief Urban or Lieutenant Matthews were involved in the acts complained of, there is no basis to sue them in their individual capacity. Further, to the extent that they are sued in their official capacity, any such claims are duplicative given that Plaintiffs have separately pled a claim against the City of Hayward.

### A. Section 1983 Claims

#### 1) The Official Capacity Claims are Redundant

"A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n. 55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). Accordingly, "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell*... local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). "[I]f individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed." *Vance v. Cnty. of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996).

Thus, to the extent that Plaintiffs assert Section 1983 claims against Chief Urban or

Lieutenant Matthews in their official capacities, such claims are duplicative of Plaintiffs' claims against the City and are dismissed without leave to amend.

### 2) Plaintiffs Have not Sufficiently Pled Supervisory Liability

Plaintiffs contend that Chief Urban and Lieutenant Matthews are subject to suit in their individual capacities under a theory of supervisory liability. Plaintiffs' only allegations as to Chief Urban and Lieutenant Matthews, however, are that the Hayward police officers were "under the command" of Lieutenant Matthews (SAC ¶ 49) and that Chief Urban and Lieutenant Matthews "failed to adequately train and supervise the DOE Hayward Officers who were armed with Specialty Impact Munitions at the December 6, 2014, in the constitutional restrictions on use of these highly dangerous weapons" (*Id*. at ¶ 50). These allegations are insufficient to state a claim for supervisory liability.

Supervisory officials may be liable for violations of a plaintiff's constitutional rights but they "may not be held liable under Section 1983 for the unconstitutional actions of their subordinates based solely on a theory of respondeat superior." *Moss v. U.S. Secret Serv*., 675 F.3d 1213, 1230 (9th Cir. 2012) amended, 711 F.3d 941 (9th Cir. 2013) rev'd sub nom. on other grounds, *Wood v. Moss*, 134 S. Ct. 2056 (2014) (*citing Iqbal*, 556 U.S. at 676). A supervisor may be held liable under § 1983 upon a showing of either "(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The supervisor defendant need not be "directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." *Id.* at 1205. Rather, a supervisor can be held liable based on the following theories:

> (1) setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a "reckless or callous indifference to the rights of others."

*Moss*, 675 F.3d at 1231 (internal citation omitted).

Plaintiffs' allegations do not state a claim under any of these theories. Plaintiffs allege that

5

Chief Urban and Lieutenant Matthews failed to created adequate policies regarding use of Specialty Impact Munitions and failed to adequately train and supervise those officers who used the Specialty Impact Munitions at the demonstration. However, "[i]t is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging a specific policy or a specific event instigated by them that led to the constitutional violations." *Cox v. California Forensic Med. Grp*., No. 14-CV-04662-KAW, 2015 WL 237905, at *1 (N.D. Cal. Jan. 14, 2015); *see also Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) ("Plaintiffs must still allege sufficient facts to plausibly establish the defendant's knowledge of and acquiescence in the unconstitutional conduct of his subordinates.") (internal quotation marks and citation omitted).

Plaintiffs contend that the requisite causal connection can be inferred from the allegation that Johnson, a peaceful march participant, was shot for no reason and that the Hayward officers called the protestors "fucking animals," referenced "blasting them," and said that Johnson was going to "get a shot in his fucking ass." (SAC ¶ 51). However, there are no allegations suggesting that Lieutenant Matthews was present at the scene with Johnson or that he was even aware of the officers' conduct. *See Save CCSF Coal. v. Lim*, No. 14-CV-05286-SI, 2015 WL 3409260, at *6 (N.D. Cal. May 27, 2015) (concluding that plaintiffs failed to allege facts sufficient to establish supervisory liability where there were "no facts specifying whether the supervisor defendants were present at the scene of the police conduct, whether there had been similar misconduct in the past to put the supervisors on notice, or whether the supervisor defendants were even aware of the alleged misconduct at issue."). Nor can the Court plausibly infer, as Plaintiffs suggest, that the officers' failure to provide Johnson with any first aid or to call an ambulance means that the City has inadequate policies or training regarding use of Specialty Impact Munitions. *See Starr*, 652 F.3d at 1217 (plaintiff's allegations must "plausibly suggest an entitlement to relief.") Plaintiffs must do more than allege simply that Lieutenant Matthews was in charge and failed to train his officers.

As for Chief Urban, the FAC is bereft of allegations suggesting that she was aware of the police conduct or that she ordered or allowed the officers to use force, including Specialty Impact Munitions. *See Felarca v. Birgeneau*, No. 11–cv–5719–YGR, 2014 WL 206762, at *5 (N.D.Cal.

1  Jan. 17, 2014) (holding that the plaintiffs alleged sufficient facts to support Fourth Amendment
2  supervisory liability claims based on the defendants being aware that the police had injured
3  protestors earlier and nonetheless ordered the police to use force and make arrests not warranted
4  under the circumstances).

Accordingly, the Section 1983 claims against Chief Urban and Lieutenant Matthews in their individual capacity are dismissed with leave to amend.

### B.    State Law Claims

Plaintiffs' state law claims for false imprisonment, negligence, and violations of California Civil Code Sections 51.7 and 52.1 likewise fail.  As with the federal claims, to the extent these claims are brought against Chief Urban and Lieutenant Matthews in their official capacity, the claims are dismissed as duplicative without leave to amend.

Plaintiffs appear to contend that the claims are also brought against Chief Urban and Lieutenant Matthews in their individual capacities under a theory of vicarious liability.  Even if such a theory were available notwithstanding California Government Code § 820.8's general grant of immunity to public employees for torts committed by others, vicarious liability for tortious acts of employees only exists under California law where the supervisor countenanced, approved, directed, or acquiesced in the tortious acts.  *See O'Brien v. Olson*, 42 Cal. App. 2d 449, 463 (1941); *see also Ramirez v. Cty. of Los Angeles*, No. 11-5370, 2012 WL 2574826, at *5 (C.D. Cal. July 3, 2012) (concluding that Government Code § 820.8 shielded Sheriff Baca from liability under Civil Code § 52.1).  Plaintiffs have failed to allege any facts suggesting that Chief Urban and Lieutenant Matthews countenanced, approved, directed, or acquiesced in the tortious acts complained of here.  The state law claims against Chief Urban and Lieutenant Matthews in their individual capacity are therefore dismissed with leave to amend.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.  All claims against Chief Urban and Lieutenant Matthews in their official capacity are DISMISSED without leave to amend as duplicative of Plaintiffs' *Monell* claims against the City of Hayward.  Plaintiffs' Section 1983 and state law claims against Chief Urban and Lieutenant Matthews in their

individual capacity are DISMISSED with leave to amend.

Plaintiffs' amended complaint, if any, shall be filed within 14 days of this Order. The initial case management conference scheduled for March 31, 2016 is continued for all parties to April 14, 2016 so that the parties will have seen the amended complaint before submitting their joint case management conference statement.

This Order disposes of Docket No. 23.

**IT IS SO ORDERED.**

Dated: March 11, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge