UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONI LAW, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, et al.,<br><br>    Defendants. | Case No.15-cv-05343-JSC<br><br>**ORDER RE: DEFENDANTS' ASSERTION OF DELIBERATIVE PROCESS PRIVILEGE AND DEPOSITION PROCEDURES**<br><br>Re: Dkt. Nos. 84, 85 |

This lawsuit arises out of a racial justice protest in Berkeley, California. Plaintiffs challenge the City of Berkeley and the Berkeley Police Department's response to the protest and allege that, among other things, they were subjected to excessive force and violation of their First Amendment rights. The parties have filed a joint discovery letter brief regarding Defendants' assertion of the deliberative process privilege over documents contained in the investigation file for the Berkeley Police Department's Post-Incident Review of this and other protests which occurred around the same date. (Dkt. Nos. 84 & 85.) Following the Court's receipt of the letter brief, the Court ordered Defendants to submit the documents for *in camera* review. (Dkt. No. 86.) Having reviewed the documents and having considered the parties' arguments and the relevant legal authority, the Court DENIES Plaintiffs' motion to compel production of the documents. Further, given the upcoming depositions in this action, the Court orders the parties to follow certain procedures in all depositions in this action.

**DISCUSSION**

**A. The Deliberative Process Privilege**

"The deliberative process privilege permits the government to withhold documents that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and polices are formulated." *Hongsermeier v. Commissioner of Internal Revenue*, 621 F.3d 890, 904 (9th Cir. 2010) (internal citations omitted). For the deliberative process privilege to apply, a document must meet two requirements: (1) "the document must be predecisional—it must have been generated before the adoption of an agency's policy or decision" and (2) "the document must be deliberative in nature, containing opinions, recommendations, or advice about agency policies." *F.T.C. v. Warner Comms. Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (internal citations omitted). The deliberative process privilege is qualified and may be overcome by a strong showing of relevance and an inability to obtain the information from other sources. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir.1990). Courts consider the following factors in making this determination: 1) the relevance of the evidence, 2) the availability of other evidence, 3) the government's role in the litigation, and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *See F.T.C.*, 742 F.2d at 1161.

Here, Defendants have withheld 11 documents which they identify as interview notes contained in the Berkeley Police Department's Post-Incident Review of the incident at issue in this action, as well as other protests that occurred close in time (referred to by the parties as "the report").[1] Although Defendants have listed these documents on a privilege log, these notes are unlabeled, largely undated, and do not clearly indicate either the author or the individual being interviewed. Some of this information is contained in the privilege log, but matching the documents to the privilege log is complicated by Defendants' failure to bates-stamp the documents. Nonetheless, the Court has reviewed the documents and concludes that they are properly subject to the deliberative process privilege. The documents are predecisional and

---

[1] Defendants refer to 6 documents, but their *in camera* submission includes 11 documents and 11 documents are listed on the privilege log. (Dkt. No. 87-1.)

1  deliberative in that they reflect the officer's reflections on what happened during the protests and
2  opinions regarding the strengths and deficiencies in the response of the Berkeley Police
3  Department (the "Department"). These notes were compiled as part of the Department's
4  investigation into how it can improve, and according to Defendants' representation, contains 32
5  separate policy recommendations. (Dkt. No. 84 at 5.)

6  While courts often reject an assertion of deliberative process privilege when asserted to
7  shield internal affairs investigations in civil rights actions, the documents here do not fit within
8  that category. *See Nehad v. Browder*, No. 15-CV-1386 WQH NLS, 2016 WL 2745411, at *6
9  (S.D. Cal. May 10, 2016) (collecting cases). Rather, these documents fit within a protected
10 category: "communications designed to directly contribute to the formulation of important public
11 policy." *See Soto v. City of Concord*, 162 F.R.D. 603, 612 (N.D. Cal. 1995) (concluding that
12 deliberative process privilege does not protect information that police departments routinely
13 generate like internal affairs investigations and the records of witness/police officer statements).
14 Indeed, "[a]s originally developed, the deliberative process privilege was designed to help
15 preserve the vigor and creativity of the process by which government agencies formulate
16 important public policies." *Kelly v. City of San Jose*, 114 F.R.D. 653, 658 (N.D. Cal. 1987). That
17 is the purpose for which these interviews were conducted. Knowledge that what the officers said
18 during the interviews could be disclosed would chill the very candor that is necessary to formulate
19 policies addressing any issues with the Department's response. *See Assembly of State of Cal. v.*
20 *U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992), as amended on denial of reh'g (Sept.
21 17, 1992) ("A predecisional document is a part of the deliberative process if the disclosure of the
22 materials would expose an agency's decisionmaking process in such a way to discourage candid
23 discussion within the agency and thereby undermine the agency's ability to perform its
24 functions.").

25 The Court also concludes that there is no basis to overcome the privilege. For this, the
26 Court looks to: 1) the relevance of the evidence, 2) the availability of other evidence, 3) the
27 government's role in the litigation, and 4) the extent to which disclosure would hinder frank and
28 independent discussion regarding contemplated policies and decisions. *See F.T.C.*, 742 F.2d at

3

1161. By Plaintiffs' own admission, between the report and "the officer's public comments at the Police Review Commission hearing," Plaintiffs have information regarding the "self criticism" of the Department's handling of the protests.  (Dkt. No. 84 at 2.)  Plaintiffs go on to describe the report's contents which detail what happened during the protest and as officers reflected on what happened after the fact—both of which appear to be sources of the same information sought here.[2]  The first and second factors thus weigh against disclosure of these documents.  The Court already discussed the fourth factor—disclosure of these documents would hinder frank and independent discussion.  As for the third factor, that the government—here, the City of Berkeley—is a party to the litigation, this is the only factor that weighs in favor of disclosure.  This factor alone is insufficient.  The Court thus sustains the assertion of privilege and declines to order the documents produced.

**B.     Depositions**

The parties are ordered to follow the following procedures with respect to all upcoming depositions.  All attorneys defending depositions in this litigation (1) shall state the basis for an objection, and no more (e.g., "relevance," "compound," "asked and answered"); (2) shall not engage in speaking objections or otherwise attempt to coach deponents; and (3) shall not direct a deponent to refuse to answer a question unless the question seeks privileged information.

**CONCLUSION**

For the reasons stated above, Plaintiffs' motion to compel production of the documents withheld based on an assertion of deliberative process privilege is DENIED.

The parties shall follow the aforementioned procedures for all forthcoming depositions.

The parties are advised that the Court will be unavailable from December 26, 2016 through January 13, 2017.

This Order disposes of Docket Nos. 84 & 85.

---

[2] Plaintiffs cite to portions of the report, which were purportedly attached to the discovery letter brief, but these exhibits were not electronically filed and no chambers copy of the discovery letter brief was received.

**IT IS SO ORDERED.**

Dated: December 13, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge